UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,                                    No. 08-14565

          Plaintiff-Appellant,          District Judge Nancy G. Edmunds

v.                                               Magistrate Judge R. Steven Whalen

STATE OF MICHIGAN and
LINDSAY MOYER,

          Defendants-Appellees.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gary S. Hann filed this case as a bankruptcy appeal.  Before the Court are (1) Defendants' Motion to Dismiss [Docket #7] and (2) Plaintiff's "Motion to Remand to BAP or to Judge O'Meara" [Docket #13], which have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that Defendant's motion [Docket #7] be GRANTED and that Plaintiff's motion [Docket #13] be DENIED.

## I.    BACKGROUND

Plaintiff is a former prison inmate who was sentenced to a prison term of 2 to 20 years following his conviction in state court of possession of child sexually abusive material and using the internet to commit a crime against a minor. According to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Plaintiff was paroled on February 27, 2008. He has filed numerous cases in this Court and in Bankruptcy Court, as well state court.[1]  The common thread in all of these cases is

_____

[1] *Hann v. State Treasurer*, E.D. Mich. No. 04-70977 (Rosen, J.) (dismissing based on Plaintiff's improper removal from state court); *Hann v. State of Michigan*, E.D. Mich. No. 05-

-1-

Plaintiff's contention that the State of Michigan improperly sought payment from him under the  State Correctional Facility Reimbursement Act (SCFRA), M.C.L. § 800.401, *et.seq.*, as well as other fines associated with his conviction and incarceration.

On October 12, 2005, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Michigan, which was docketed under Bankruptcy Court No. 05-79798.  The present appeal concerns Adversary Case No. 08-04587, which Plaintiff filed in Bankruptcy Court on May 20, 2008. *Bankruptcy Document #24.*  On October 7, 2008, Bankruptcy Judge Rhodes granted the present Defendants-Appellants' motion for summary judgment, and dismissed the adversary proceeding.[2]

Plaintiff states that on October 22, 2008, he filed a motion for reconsideration of Judge Rhodes' October 7th order in Bankruptcy Court.  The Bankruptcy Court docket sheet in case no. 05-79798 does not reflect that such motion was filed or ruled upon; however, Plaintiff has attached to his response, as Exhibit 1, a copy of his motion for reconsideration, time-stamped October 22, 2008, 3:59 p.m., by the Bankruptcy Court. The Bankruptcy Court has closed the case.

Plaintiff filed his notice of appeal on October 23, 2009.  In their motion to dismiss, Defendants argue that this Court lacks jurisdiction to hear the appeal, because the notice of appeal was filed outside the 10-day time limit set forth in Bankruptcy Rule 8002.

In his motion to remand, the Plaintiff asks that the case either be remanded to the Bankruptcy Appellate Panel, or transferred to Judge O'Meara for purposes of hearing this

_____

71347 (Borman, J.) (dismissing claims related to SCFRA and Plaintiff's IRA, based on *Rooker-Feldman* doctrine); *Hann v. State Treasurer*, E.D. Mich. No. 07-13687 (Edmunds, J.) (accepting my Report & Recommendation that bankruptcy appeal be dismissed under *Rooker-Feldman*, and as frivolous); *In re Gary S. Hann*, E.D. Mich. No. 08-14516 (Edmunds, J.)(bankruptcy appeal, pending); *Hann v. State of Michigan* (present case).

[2] A copy of Judge Rhodes' order is appended to the Notice of Appeal.

-2-

appeal.  The basis for this request is unclear; however, at oral argument on this motion on June 11, 2009, Plaintiff stated that he sought remand to Bankruptcy Court in order to obtain discovery.

## II.   STANDARD OF REVIEW

Bankruptcy Rule 8002(a) provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree appealed from."  That time may be extended only upon written motion filed before the time for filing a notice of appeal has expired.  Bank.R. 8002(c)(1) and (2).  The 10-day period includes intermediate weekends and legal holidays.  Bank.R. 9006(a).  The last day of the period is counted unless it falls on a weekend day or a legal holiday. *Id.*  A "filing is not timely unless the papers are received by the clerk within the time fixed for filing...." Bank.R. 8008(a).

The 10-day rule for filing a notice of appeal is jurisdictional, and "failure to file a timely notice requires an appeal be dismissed for lack of jurisdiction."  *In re Dow Corning Corp.*, 255 B.R. 445, 465 (E.D. Mich. 2000) (citing *In re LBL Sports Ctr., Inc.*, 684 F.2d 410, 412 (6th Cir. 1982)). The rule has been strictly construed, requiring strict compliance with its terms. *Hotel Syracuse, Inc. v. City of Syracuse Indus. Dev. Agency (In re Hotel Syracuse, Inc.),* 154 B.R. 13, 15 (N.D.N.Y.1993). "The Sixth Circuit has noted that although a person proceeding *pro se* may not fully understand the rules or procedure, he or she is still required to comply with the rules and that a *pro se* status does not exempt a person from complying with the rules."  *In re Dow Corning, supra*, 255 B.R. at 466 (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991)).

The filing of a timely motion for reconsideration under Bank.R. 9023 (which is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e)) tolls the time

for filing a notice of appeal, and the full 10-day period would begin to run from the entry of an order disposing of a *timely* motion for reconsideration. *Creative Data forms, Inc. v. Pennsylvania Minority Business Development Authority*, 72 B.R. 619, 621-22 (E.D. Pa. 1985). Under Bank.R 9023 and Fed.R.Civ.P. 59(e), a motion for reconsideration "must be filed no later than 10 days after the entry of the judgment."

## III.   DISCUSSION

### A.   Defendants' Motion to Dismiss [Docket #7]

The Bankruptcy Court entered judgment in favor of the Defendants on October 8, 2008.[3] Plaintiff filed his notice of appeal on October 23, 2008, 15 days later, or five days late. Where, as here, the time limit for filing is a jurisdictional prerequisite, *In re LBL Sports Ctr., Inc., supra*, a miss is as good as a mile. Plaintiff's appeal is jurisdictionally barred.

Jurisdiction is not salvaged by the fact that Plaintiff may have filed a motion for reconsideration of Judge Rhodes' order, because that motion itself was untimely. Although the Bankruptcy Court docket entries do not reflect that a motion for reconsideration was ever filed, Plaintiff's claim that he filed such a motion on October 22, 2008 is supported by the time-stamped copy attached to his response. However, even assuming a valid filing, the October 22nd date is still beyond the 10-day limit for requesting reconsideration of a judgment entered on October 8, 2008.

There is no question that Plaintiff's motion for reconsideration, which is appended to his response to this motion as Exhibit 2, was based on Bank.R. 9023 and Fed.R.Civ.P.

---

[3] Judge Rhodes signed the judgment on October 7, 2008, but the docket entries contain a notation that it was entered the following day, October 8th. Because Rule 8002(a) provides that the 10-day period for filing a notice of appeal runs from the *entry* of judgment, I will compute the time from October 8th.

-4-

59, and not on Bank.R. 9024, which incorporates Fed.R.Civ.P. 60(b). The latter must be filed "within a reasonable time," not to exceed one year if based on the first three of the six grounds set forth in the Rule.  However, in his motion for reconsideration, Plaintiff argued "the state's complete denial of due process," an argument directed at the underlying judgment that he now appeals. "[M]otions for reconsideration have traditionally been treated as motions to alter or amend under Rule 59(e), Fed.R.Civ.P., if the motion draws into question the correctness of the trial court's decision." *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 827 (9th Cir. BAP, 1986) (citing *In re Branding Iron Steak House*, 536 F.2d 299, 301 (9th Cir. 1976)).  Plaintiff further argued in his motion for reconsideration, albeit incorrectly, that the motion was being filed within the 10-day period applicable to Rule 59 motions, if weekends and holidays were excluded.[4] Considering the nature of the relief sought in the motion for reconsideration, as well as the Plaintiff's express intent, it can only be construed as a Rule 59(e) motion to alter or amend the judgment.  *See  Creative Data Forms, Inc. v. Pennsylvania Minority Business Development Authority*, 72 B.R. 619, 622 (E.D. Pa. 1985) (nature of motion and intent of the moving party, not nomenclature, determines whether a motion is brought under Rule 59 or Rule 60).

Finally, even if Plaintiff's motion for reconsideration were somehow construed as being brought under Rule 60(b), "[a] motion for relief on one or more of the six grounds

---

[4] At oral argument, Plaintiff argued that as a prison inmate, the filing should have been deemed effective on the date he tendered it to prison authorities for mailing.  This is known as the "prisoner mailbox rule."  *See Houston v. Lack,* 487 U.S. 266, 274, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988*).*  However, this rule does not apply because Plaintiff was released on parole on February 27, 2008, and was thus not in custody when Judge Rhodes granted summary judgment to the Defendants in October of 2008. Therefore, the Plaintiff's motion is deemed filed on the date it was received by the Court Clerk. Bank.R. 8008(a).

stated in 60(b) for relief from a final judgment does not affect the finality of the judgment, and does not toll the time for appeal from the final judgment." *Creative Data Forms,* 72 B.R. at 621-22, quoting 7 *Moore's Federal Practice,* ¶ 60-29, at 60-327 (2d ed. 1981).

In other words, any way you look at it, the notice of appeal was untimely, and this Court is therefore without jurisdiction.

## B.   Plaintiff's Motion to Remand [Docket #17]

Because the Plaintiff failed to timely file a notice of appeal, this Court does not have jurisdiction to grant *any* relief, including a remand to the Bankruptcy Court. In addition, any such remand–including a remand for "discovery," as Plaintiff requested at oral argument–would be futile.  The bankruptcy case is closed, and Plaintiff failed to timely seek reconsideration of the judgment at issue in this case.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Docket #7] be GRANTED, and the appeal DISMISSED.  I further recommend that Plaintiff's Motion to Remand [Docket #13] be DENIED.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  June 19, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 19, 2009.


S/G. Wilson
Judicial Assistant